# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2024

Lyle W. Cayce
Clerk

————————

No. 23-20544

————————

Intercontinental Terminal Corporation, L.L.C.,

*Plaintiff*,

*versus*

Aframax River Marine Company,

*Defendant/Third Party Plaintiff—Appellant*,

*versus*

Suderman and Young Towing Company; G & H Towing Company,

*Defendants/Third Party Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-3113

————————————————————

Before Smith, Clement, and Higginson, *Circuit Judges*.

Per Curiam:[*]

—————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Just before midnight on September 5, 2016, the tanker ship AFRAMAX RIVER, owned by Appellant Aframax River Marine Company (ARM), was set to depart a dock in the Houston Ship Channel. Two tugboats were positioned alongside the port side of AFRAMAX RIVER to assist in its departure: the JESS NEWTON, owned by Appellee Suderman & Young Towing Company, and the GASPARILLA, chartered by Appellee G & H Towing Company.[1] After backing out of the dock, the AFRAMAX RIVER allided with mooring dolphins on the other end of the channel in front of a facility owned by Intercontinental Terminal Corporation, L.L.C. (ITC). The allision punctured the hull of the AFRAMAX RIVER, releasing gallons of fuel oil that quickly ignited in a blaze. ITC and ARM suffered property damage as a result of the fire.

ITC sued ARM and the AFRAMAX RIVER in federal court in Texas. ARM filed a counterclaim against ITC, a third-party complaint against Tug Interests, and a Rule 14(c) tender of Tug Interests as direct defendants to ITC's claims. Subsequently, ITC and ARM settled. The district court later granted partial summary judgment to Tug Interests, dismissing ARM's claims for contribution and indemnity. The case then proceeded to a bench trial on ARM's negligence and unseaworthiness claims against Tug Interests under maritime law.

After the bench trial, the district court made the following conclusions of law: (1) the AFRAMAX RIVER was unseaworthy on account of its malfunctioning engine governor system; (2) the crew of the AFRAMAX RIVER was negligent in violating various Inland Navigational Rules; (3) the AFRAMAX RIVER's unseaworthiness and negligence were proximate

---

[1] We follow the convention of referring collectively to Appellees Suderman & Young Towing Company and G & H Towing Company as "Tug Interests."

causes of the allision; (4) the GASPARILLA and JESS NEWTON did not cause or contribute to the allision; and (5) ARM was 100% at fault for the allision. With respect to (4), the district court specifically found that the JESS NEWTON's winch failure occurred *after* the allision and thus could not have been a contributing cause. ARM appealed the final judgment entered in favor of Tug Interests.

We have reviewed the parties' briefing, the record, the applicable law, and the oral arguments presented by counsel. After such review, we conclude that there is no reversible error in the district court's findings of fact and conclusions of law. ARM's principal argument on appeal is that the district court erred in not applying the presumption of liability set forth in *Cranberry Creek Coal Co. v. Red Star Towing & Transportation Co.*, 33 F.2d 272, 274 (2d Cir. 1929) in light of evidence at trial indicating that the JESS NEWTON's winch suffered a mechanical failure. Assuming without deciding that this presumption is good law within the Fifth Circuit, we note that the district court found as a matter of fact that the winch failure occurred *after* the allision. And ARM has not shown that this factual finding was clearly erroneous. *See Eni US Operating Co. v. Transocean Offshore Deepwater Drilling, Inc.*, 919 F.3d 931, 934 (5th Cir. 2019) ("After a bench trial, findings of fact are reviewed for clear error . . . ."). Thus, the district court determined that the factual prerequisite to the presumption outlined in *Cranberry Creek*—i.e., a mechanical defect *preceding* the allision or collision—was absent, and we see no reason to disturb this finding. For this reason, the district court was not wrong to decline to apply the presumption. The district court's conclusion that Tug Interests did not cause the accident must be affirmed for the same reason: As a matter of logic, an effect cannot precede its cause. The remainder of ARM's arguments on appeal are likewise unconvincing.

No. 23-20544

We therefore AFFIRM the district court's final judgment in favor of Tug Interests.